CARMELA VESCUSON, ADMINISTRATRIX, RESPONDENT, v. PENNSYLVANIA RAILROAD COMPANY, APPELLANT.

Argued March 16, 1922—Decided June 19, 1922.

The plaintiff's decedent was in defendant's employ as boss of a construction gang, who were repairing one of defendant's tracks principally used for westbound traffic; all of the men but one were called from the track, and deceased remained to guard and warn the remaining workman of approaching trains, as was his duty. He stood on the track being repaired holding a red flag looking toward the east from which direction trains using that track usually came; while in this position one of defendant's engines running "light" approached from the west on that track without giving any notice of its approach, and ran over and killed decedent. There was evidence that the repair was not completed at the time of the accident. *Held*, that it was not error to refuse a direction for defendant on the ground of contributory negligence of decedent.

On appeal from the Supreme Court.

For the appellant, *Wall, Haight, Carey & Hartpence.*

For the respondent, *Nathaniel Kent.*

The opinion of the court was delivered by

BERGEN, J. The only error argued is refusal of the trial court to rule, as a matter of law, that plaintiff's intestate was guilty of contributory negligence, and submitting to the jury the question of his contributory negligence in its bearing upon the reduction of damages, under the federal statute relating thereto. The only matter we are required to consider is whether the proofs warranted a direction of a verdict for defendant as requested.

The proof is plenary that deceased was engaged in performing his duty to guard and warn a servant of defendant engaged in spiking rails on a track customarily used for westbound traffic; that it was deceased's duty to watch for coming trains and warn the servant of their approach; that he stood

between the rails of the track being repaired, with a red flag for that purpose, and to warn approaching trains to stop; that he was struck by an engine running "light" from the west, a direction from which trains were not accustomed to run on that track, and that no signal or warning was given of its approach. It also appeared that the rules of the company require that when a track is being repaired there must be a man on the track with a red flag to stop trains. It seems clear that under the rules it was the duty of deceased to be on the track with a red flag to protect the workman and warn trains to stop. He was there with a red flag, and if the engineer on the engine had obeyed the rules he should have brought the engine to a stop, and whether the deceased had a right to rely on an expectation that engineers would obey the rules of the company and not run down a watchman holding up a red flag, was at least a jury question which could not be decided against him as a matter of law. The presumption would be in his favor, and it cannot be said that as a matter of law he was guilty of contributory negligence because he did not anticipate that an engineer would not obey the rules of his master, and run down a man holding a red flag, for which all trains must stop, without giving any signal or warning. The circumstances shown by the proofs did not warrant the court in holding that the deceased was so conclusively guilty of contributory negligence as to take that question from the jury.

The judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal*—None.